**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| Jerome E. Watson, Jr. (#2017-1205115), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 18 C 2180 |
| v. | ) | |
| | ) | Judge Virginia M. Kendall |
| Cook County Jail, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff's application for leave to proceed *in forma pauperis* [3] is denied, and his complaint is dismissed for Plaintiff's failure to pay the filing fee. *See* 28 U.S.C. § 1915(g). Having brought this action, Plaintiff nevertheless remains obligated to pay the full filing fee. *See* 28 U.S.C. § 1915(b)(1); *Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999). The Clerk of Court shall collect the statutory $400 filing fee from Plaintiff's trust fund account using the mechanism in 28 U.S.C. § 1915(b). The Court therefore authorizes and orders the trust fund officer at Plaintiff's place of incarceration to begin collecting monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk each time the amount in the account exceeds $10 until the full $400 filing fee has been paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. This payment obligation will follow Plaintiff wherever he may be transferred. The Clerk is directed to electronically send a copy of this order to the trust fund officer at the Cook County Jail. Before pursuing any future litigation, Plaintiff must pay all outstanding fees. *Id.* Further instruction will follow. Plaintiff's motion for attorney representation [4] is denied as moot. Case closed.

## STATEMENT

Plaintiff Jerome E. Watson, Jr., an inmate at the Cook County Jail, brought this *pro se* civil rights action under 42 U.S.C. § 1983, concerning a strip search on January 26, 2018. Before the Court is Plaintiff's application for leave to proceed *in forma pauperis.*

Plaintiff is ineligible for *in forma pauperis* status because he has accumulated at least three "strikes" and this case does not involve imminent danger of serious physical injury. The Prison Litigation Reform Act of 1995 (PLRA) provides that a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a Court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon

which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

At least three of Plaintiff's prior actions were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See, e.g., Watson v. Madigan*, No. 10 CV 0847 (N.D. Ill.) (Kendall, J.) (dismissed for failure to state a claim on March 5, 2010); *Watson v.Cook County State's Attorney Office*, No. 11 CV 1284 (N.D. Ill.) (Lefkow, J.) (dismissed for failure to state a claim on March 10, 2011); and *Watson v. Madigan*, No. 11 CV 4065 (N.D. Ill.) (Kendall, J.) (dismissed for failure to state a claim on June 30, 2011). And courts in this circuit have repeatedly advised Plaintiff that he has "struck out" under 28 U.S.C. § 1915(g). *See, e.g., Watson v. Godinez,* No. 12 CV 0238 (S.D. Ill.) (Murphy, J.), Order of September 13, 2012; *Watson v. Ill. State Police*, No. 14 CV 1592 (N.D. Ill.) (Darrah, J.), Order of March 24, 2014; *Watson v. Ill. Attorney General's Office*, No. 14 CV 2212 (N.D. Ill.) (Lee, J.), Order of April 7, 2014; *Watson v. Cook County Sheriff's Dep't*, No. 14 CV 2928 (N.D. Ill.) (Kendall, J.), Order of April 28, 2014; and *Watson v. Cook County Sheriff's Dep't*, No. 17 CV 1054 (N.D. Ill.) (Kendall, J.), Order of June 1, 2017.

Notwithstanding the prior warnings, Plaintiff sought leave to proceed *in forma pauperis* in this case, which does not involve imminent danger of serious physical injury, without disclosing his 1915(g) status. In fact, Plaintiff disclosed only one of his prior cases, asserting that he "cannot remember how many lawsuits were filed or case numbers." (Dkt. 1, pg. 3.) Plaintiff's failure to perform due diligence before bringing this action, however, does not excuse his conduct. Because Plaintiff was aware of his 1915(g) status when he attempted to initiate this action *in forma pauperis,* the Court need not give him an opportunity to pay the filing fee. *See Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999); *accord Campbell v. Clarke*, 481 F.3d 967, 969 (7th Cir. 2007) ("Plaintiffs who attempt to deceive federal judges, and evade their obligation to pay all required fees and costs, cannot expect favorable treatment . . . ."). Plaintiff's complaint therefore is dismissed with prejudice, and this case is closed.

In addition, the Court notes that Plaintiff has filed nearly a dozen civil lawsuits in this Court, the majority of which have been summarily dismissed. The Court warned him as recently as June 1, 2017, that he may not proceed with any new litigation until he has paid all outstanding fees. *Watson v. Cook County Sheriff's Dep't*, No. 17 CV 1054 (N.D. Ill.) (Kendall, J.), Order of June 1, 2017. Plaintiff nevertheless continues to file new lawsuits without first paying his outstanding filing fees and has amassed more than $5,000 in unpaid district and appellate court fees to date. Should Plaintiff persist in his current course of conduct, the Court will recommend to the Executive Committee that Plaintiff be barred from any future filings.

Date: March 28, 2018                                     /s/Virginia M. Kendall
                                                                    United States District Judge